IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:09-cr-00217-W

| | |
|---|---|
| UNITRIN AUTO AND HOME INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ORDER ) |
| ALEX BASTIDA, ROSIE BASTIDA, and BMW INSURANCE SERVICES, | ) ) ) ) |
| Defendants. | ) ) |

THE MATTER is before the Court on the Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 7), filed by Defendants Alex Bastida and Rosie Bastida. This motion has been fully briefed (Docs. Nos. 11, 13) and is ripe for review. Defendant BMW Insurance Services has not moved to dismiss; however, it is well-recognized in our jurisprudence that the issue of subject matter jurisdiction may be raised *sua sponte*. Kontrick v. Ryan, 540 U.S. 443, 455 (2004) (citing Mansfield, C. & L.M. Ry. Co. v. Swan, 111 U.S. 379, 382 (1884) (challenge to a federal court's subject-matter jurisdiction may be made at any stage of the proceedings, and the court should raise the question *sua sponte*.)). Accordingly, jurisdiction over the claims against that defendant are also addressed herein. For the reasons that follow, Defendants Bastidas' motion is GRANTED, and, as explained below, Plaintiff's complaint against *all* defendants is dismissed for lack of subject matter jurisdiction.

BACKGROUND

This case presents a dispute over insurance coverage between Plaintiff (an insurance company) and Defendants Bastidas (the insured) for the theft and destruction of an automobile leased

by Mr. Bastida and insured under his home and automobile insurance policy. Plaintiff alleges and Mr. Bastida concedes that he purchased the brand-new vehicle in 2007, seventeen months prior to the date of loss, for $75,251.00. Bastida, however, contends that, at the highest estimate, the vehicle's suggested retail value at the time of loss is $55,825.00, based on the Kelley Blue Book value. In addition to coverage for loss of the vehicle, Mr. Bastida also sought coverage for a laptop computer and briefcase in the vehicle at the time of destruction. Under the policy, the limit of liability for these personal effects is $100 each.

Plaintiff denied coverage because it contends Mr. Bastida was responsible for the destruction of the vehicle and because Mr. Bastida allegedly made material misrepresentations to Plaintiff in connection with his claim. After receiving a threat of litigation from the Bastidas, Plaintiff subsequently filed this action seeking a declaratory judgment that the Bastidas are not entitled to recover any policy benefits under the insurance policy and also for a judgment that BMW Insurance Services, as the payee from whom Mr. Bastida leased the vehicle, is not entitled to any payment from Plaintiff.

ANALYSIS

The Bastidas have moved to dismiss the Complaint on the grounds that the amount in controversy, as it appears on the face of the Complaint, does not satisfy the $75,000 threshold required for federal diversity jurisdiction to exist under 28 U.S.C. § 1332.[1] To satisfy the requirements of federal diversity jurisdiction in this case, the civil action must be between "citizens

---

[1] Primarily, federal courts have original jurisdiction over two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) diversity jurisdiction pursuant to 28 U.S.C. § 1332. Neither party argues that federal question jurisdiction applies here, and the Court agrees. A review of the allegations in the Complaint indicates that no federal question exists nor could exist as a result of the dispute among the parties.

of different States," which is uncontested here, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a)(1). It is well-settled that dismissal of a complaint is appropriate where it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount . . . ." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938).

As a matter of legal certainty, Plaintiff's claims as stated on the face of the Complaint do not satisfy the requisite $75,000 threshold. Coverage under the policy is only for the loss of the vehicle and property, which, according to the highest estimate given by either party, totals approximately $56,000. Indeed, Plaintiff does not argue that its claims asserted on the face of the declaratory judgment complaint, on their own, satisfy the jurisdictional amount under § 1332. Instead, Plaintiff argues that, based on demands in correspondence prior to filing, the Bastidas will likely assert counterclaims in their answer that they may have for breach of the insurance policy, as well as tort claims entitling them to treble damages and attorneys' fees related to Plaintiff's bad faith handling of the insurance contract. The full amount of the trebled damages can be considered under § 1332. See Saval v. BL Ltd., 710 F.2d 1027, 1033 (4th Cir. 1983) (noting that when calculating the amount in controversy, the district court should consider any special or punitive damages, such as treble damages, available for the claims). Thus, according to Plaintiff, a consideration of the possible counterclaims indicates that the amount in controversy exceeds $75,000.

The narrow issue before this Court is whether counterclaims, although not yet asserted by Defendants, may be included in determining the amount in controversy for purposes of establishing subject matter jurisdiction. At best, the summary of Plaintiff's argument is that it is *conceivable* that the Bastidas *may* allege counterclaims that *if* permitted to be included in the calculation of the "amount in controversy" would bring this case within the jurisdiction of this Court.

The propriety of including counterclaims in determining the $75,000 jurisdictional requisite has been addressed in numerous federal courts, including district courts in the Fourth Circuit, albeit with different results. "The extent to which a counterclaim . . . can be considered in determining the amount in controversy never has been resolved satisfactorily by the federal courts." 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3706 (3d ed. 1998) (citations omitted). Compare Cabe v. Pennwalt Corp., 372 F. Supp. 780 (W.D.N.C. 1974), West Virginia State Bar v. Bostic, 351 F. Supp. 1118 (S.D.W.V. 1972), and Burton Lines, Inc. v. Mansky, 265 F. Supp. 489 (M.D.N.C. 1967), with Congaree Broadcasters, Inc. v. TM Programming, Inc., 436 F. Supp. 258 (D.S.C. 1977), National Upholstery Co. v. Corley, 144 F. Supp. 658 (M.D.N.C. 1956), and McLean Trucking Co. v. Carolina Scenic Stages, Inc., 95 F. Supp. 437 (M.D.N.C. 1951).[2] Resolution of this dispute, however, is unnecessary in the case at bar. Plaintiff's argument fails because it is premised on consideration of potential counterclaims, which are just that – potential. No answer has been filed, and no counterclaims have been asserted. To consider hypothetical counterclaims, no matter how likely they may be, is nothing more than mere speculation and certainly fails under any application of the "legal certainty" requirement. Red Cab Co., 303 U.S. at 289.

Furthermore, "[i]t is a fundamental precept that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by

---

[2]These cases discuss inclusion of the counterclaim in the context of jurisdiction based on removal from state court. Notably, that is not the basis for the jurisdictional analysis in this case, and to some extent, they are inapplicable. See 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3706 ("It also is necessary to distinguish between cases brought originally in a federal court and those instituted in state courts and then removed to a federal court."). Nevertheless, they are cited to demonstrate the split of decisions within the Fourth Circuit as to whether the value of a counterclaim may be considered in determining the jurisdictional amount in controversy.

Congress, must be neither disregarded nor evaded." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). Accepting Plaintiff's argument that subject matter jurisdiction will exist once the Bastidas file counterclaims would, in effect, allow a plaintiff to circumvent the statutory threshold set forth by Congress in § 1332 at least temporarily until counterclaims are filed. No such anticipatory or "wait-and-see" jurisdiction is provided for by the Constitution, Congress, or otherwise. To create such a rule now would expand the limited jurisdiction upon which federal courts are premised.

The Court realizes the unique situation created here because a declaratory judgment plaintiff does not get to choose its forum quite like a typical plaintiff. In order for Plaintiff to be in federal court, it must wait until the Bastidas file a complaint in state court and then remove it to federal court, assuming all jurisdictional requisites are satisfied. Notably, the end result might be the same if the Court were to wait until the counterclaims were filed, include them in calculating the amount in controversy, and then find subject matter jurisdiction. Nevertheless, it is not within the province of this Court to disregard the jurisdictional requirements set forth in § 1332 or to resolve a clear dispute among federal case law as to the propriety of using counterclaims to satisfy the $75,000 threshold, particularly under the facts of this case.

Therefore, because the Complaint's allegations against the Bastidas, as a matter of legal certainty, do not satisfy the necessary requirements to find diversity jurisdiction under 28 U.S.C. § 1332(a), the motion to dismiss for lack of subject matter jurisdiction is granted.

As noted above, BMW is not a party to the motion to dismiss. The Court, however, can consider whether subject matter jurisdiction exists *sua sponte*. See Kontrick, 540 U.S. at 455 (citation omitted). Courts of appeals have recognized that subject matter jurisdiction may exist in

instances where a plaintiff originally files a jurisdictionally-insufficient claim for relief in federal court, but the defendant–instead of protesting jurisdiction and moving to dismiss–answers the complaint with a jurisdictionally sufficient counterclaim. See Spectacor Mgmt. Group v. Brown, 131 F.3d 120, 123 (3d Cir. 1997) (citing Fenton v. Freedman, 748 F.2d 1358 (9th Cir. 1984) (considering counterclaim where defendant had not objected to jurisdiction prior to filing compulsory counterclaims); Roberts Mining & Milling Co. v. Schrader, 95 F.2d 522 (9th Cir. 1938) (considering counterclaim where defendant did not object to jurisdiction, but instead filed counterclaim in an amount adequate to support jurisdiction); Motorists Mutual Ins. Co. v. Simpson, 404 F.2d 511 (7th Cir. 1968) (holding that compulsory counterclaim was not to be considered where defendant objected to jurisdiction before filing a counterclaim, but noting that if no objection had been made, consideration of compulsory counterclaim was permissible)). Such is the case here because Defendant BMW Insurance Services has not moved to dismiss for lack of subject matter jurisdiction, but instead answered the complaint and asserted a counterclaim for breach of contract.

The Court need not decide whether it is proper to consider BMW's counterclaim for purposes of meeting the $75,000 jurisdictional threshold, notwithstanding its failure to move to dismiss. Under any analysis, the $75,000 requirement is not satisfied. Plaintiffs' Complaint states the same causes of action against BMW as it does against the Bastidas. As explained above, these allegations fail to set forth to any degree of legal certainty that the amount in controversy exceeds $75,000. Presuming without deciding that, because BMW did not object to jurisdiction, the Court could include BMW's counterclaim in determining the amount in controversy, consideration of such counterclaim still does not satisfy the $75,000 threshold level. It appears to be uncontroverted that

the value of the vehicle is less than $75,000. Accordingly, even if BMW could prevail on its only counterclaim (breach of contract) and Plaintiff was required to pay the amount under the insurance policy, such judgment would be, to a legal certainty, less than $75,000.

CONCLUSION

IT IS, THEREFORE, ORDERED that Defendants Bastidas' Motion to Dismiss is GRANTED. Pursuant to the motion to dismiss and the Court's ruling *sua sponte* as to the existence of subject matter jurisdiction in this case as a whole, the Complaint is DISMISSED against all Defendants without prejudice.

IT IS SO ORDERED.

Signed: October 23, 2009

Frank D. Whitney
United States District Judge